IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCISCO M. APILADO, et al., | ) | CIVIL NO. 19-00285 JAO-KJM |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION FOR ORDER OF REMAND |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER OF REMAND

Defendant Bank of America, N.A. ("BANA") removed this action from the Circuit Court of the First Circuit, State of Hawaiʻi on the basis of diversity jurisdiction, arguing that the Court may disregard the lack of complete diversity between the parties because Plaintiff Randall K. Jim ("Plaintiff Jim") was fraudulently joined and/or egregiously misjoined. Plaintiffs seek remand to state court. After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court GRANTS Plaintiffs' Motion for Order of Remand, ECF No. 13, for the reasons articulated below.

BACKGROUND

The instant action arises out of BANA's allegedly wrongful non-judicial foreclosures of Plaintiffs' properties. Plaintiffs commenced this action on March 29, 2019 in state court. Notice of Removal ("Notice"), ECF No. 1, Ex. F.

Plaintiffs filed a First Amended Complaint ("FAC") on April 3, 2019, *id.*, Ex. G, asserting the following causes of action: (1) wrongful deprivation of real property (Count I) and (2) unfair and deceptive trade practices and unfair methods of competition under Hawai'i Revised Statutes ("HRS") Chapter 480 (Count II). *Id.*

On June 5, 2019, BANA removed this action. Notice, ECF No. 1. BANA invoked diversity jurisdiction notwithstanding the fact that it shares North Carolina citizenship with Plaintiff Jim. *Id.* at ¶ 14. According to BANA, Plaintiff Jim's citizenship may be ignored for diversity purposes because his claims were fraudulently joined and egregiously misjoined. *Id.* at ¶¶ 15, 26

The present Motion followed.

## ANALYSIS

I.  Removal Jurisdiction

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039,

1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter*, 582 F.3d at 1042.

II. <u>Diversity of Citizenship</u>

BANA asserted diversity jurisdiction as the basis for removal. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Moreover, actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete

diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

Here, complete diversity is lacking because Plaintiff Jim and BANA share North Carolina citizenship. Notice, ECF No. 1 at ¶¶ 4, 12.

III.   Fraudulent Joinder

BANA acknowledges that the parties lack complete diversity but contends the Court may disregard Plaintiff Jim's citizenship because he was fraudulently joined. Opp'n, ECF No. 23 at 8.[1]  An exception to the requirement for complete diversity exists when a non-diverse *defendant* was fraudulently joined. *Hunter*, 582 F.3d at 1043. The Ninth Circuit "has explained that under the fraudulent-joinder doctrine, '[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Morris*, 236 F.3d at 1067; *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alterations in original) (internal quotations omitted).

---

[1]  The page numbers referenced by the Court are the document's actual page numbers, not the page numbers found in the CM/ECF header.

Removing defendants may "present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe*, 811 F.2d at 1339); *Morris*, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citations omitted). There is, however, a "general presumption against fraudulent joinder," which the party asserting federal jurisdiction must prove by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant claiming fraudulent joinder bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1046.

The Ninth Circuit has clarified that the fraudulent joinder test is not equivalent to the test used to assess the sufficiency of a claim under Rule 12(b)(6). *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Equating the two "conflates a jurisdictional inquiry with an adjudication on the merits." *Id.* "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."

*Id.* (citations omitted). This standard "accords with the presumption against removal jurisdiction, under which [courts] 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Id.* at 550 (quoting *Gaus*, 980 F.2d at 566).

    A. <u>The Fraudulent Joinder Doctrine Only Applies to Defendants</u>

BANA contends that the fraudulent joinder doctrine applies to plaintiffs. Opp'n, ECF No. 23 at 8. But Ninth Circuit precedent reveals otherwise: Ninth Circuit cases addressing the doctrine apply it exclusively to defendants. *See, e.g., Grancare*, 889 F.3d at 548 (emphasis added) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse *defendant* who has been fraudulently joined."); *Weeping Hollow*, 831 F.3d at 1113 (emphases added) (alterations in original) (internal quotations omitted) ("Our court has explained that under the fraudulent-joinder doctrine, '[j]oinder of a non-diverse *defendant* is deemed fraudulent, and the *defendant's* presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident *defendant*, and the failure is obvious according to the settled rules of the state.'"); *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (emphasis added) ("[A] joinder is fraudulent when a plaintiff's failure to state a cause of action against the resident *defendant* is obvious according to the applicable state law."); *Hunter*, 582 F.3d at 1043 (emphasis added) (internal

quotations omitted) ("Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), 'one exception to the requirement for complete diversity is where a non-diverse *defendant* has been fraudulently joined.'"); *Hamilton*, 494 F.3d at 1206 (quotations omitted) (emphases added) ("[I]f the plaintiff fails to state a cause of action against a resident *defendant*, and the failure is obvious according to the settled rules of the state, the joinder of the resident *defendant* is fraudulent."); *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quotations omitted) (emphases added) ("If the plaintiff fails to state a cause of action against a resident *defendant*, and the failure is obvious according to the settled rules of the state, the joinder of the resident *defendant* is fraudulent."); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (emphases added) ("If a plaintiff fails to state a cause of action against a resident *defendant*, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the *defendant's* presence in the lawsuit is ignored for purposes of determining diversity.'"); *Morris*, 236 F.3d at 1067 (emphasis added) ("Nevertheless, one exception to the requirement of complete diversity is where a non-diverse *defendant* has been 'fraudulently joined.'"); *Ritchey*, 139 F.3d at 1318 (emphasis added) ("It is a commonplace that fraudulently joined *defendants* will not defeat removal on diversity grounds."); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th

Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *McCabe*, 811 F.2d at 1339 (emphases added) ("Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident *defendant*, and the failure is obvious according to the settled rules of the state, the joinder of the resident *defendant* is fraudulent."); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (emphasis added) ("A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by the defendant, if not a resident of the state in which the case is brought (section 28, Judicial Code [Comp. St. § 1010]); and this right of removal cannot be defeated by a fraudulent joinder of a resident *defendant* having no real connection with the controversy.").

To support the proposition that the fraudulent joinder doctrine applies equally to plaintiffs in the Ninth Circuit, BANA cites *California Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727 (9th Cir. 2001), and *Tomlinson v. Deutsche Bank Nat. Tr. Co.*, No. CV 13-00554 SOM-BMK, 2014 WL 346922, at *1 (D. Haw. Jan. 30, 2014), *adopted by*, 2014 WL 607772 (D. Haw. Feb. 18, 2014). Opp'n, ECF No. 23 at 8-9. Plaintiffs challenge BANA's

citation to *California Dump Truck* as violative of Ninth Circuit Rule 36-3.² Putting aside the propriety of BANA's reliance on a pre-January 1, 2007 unpublished disposition, *California Dump Truck* does not advance BANA's position. Not only is *California Dump Truck* non-precedential, *see* Ninth Circuit Rule 36-3(a), it acknowledged that the Ninth Circuit had yet to address the fraudulent joinder of plaintiffs for the purpose of defeating diversity jurisdiction. *California Dump Truck*, 24 F. App'x at 729. The court did not adopt fraudulent joinder as to plaintiffs, but assumed, for the sake of discussion, that the Ninth Circuit would do so. *Id.*

Like *California Dump Truck*, *Tomlinson* has no precedential value and it does not inform this Court's decision because it prefaced its analysis with the disclaimer: "even if applicable in the Ninth Circuit." *Tomlinson*, 2014 WL 346922, at *3. BANA rounds out its argument by citing to district court cases from Kentucky, Louisiana, and Mississippi, none of which warrant discussion because they are not from the Ninth Circuit.

At the hearing, BANA's counsel insisted that the fraudulent joinder doctrine can apply to plaintiffs because Ninth Circuit precedent does not expressly prohibit

---

² Pursuant to Ninth Circuit Rule 36-3(c), except in limited circumstances not applicable here, "[u]npublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit." Ninth Circuit Rule 36-3(c).

it. Accepting BANA's position would require the Court to disregard the overwhelming authority cited above. An absence of case law prohibiting the doctrine's application to plaintiffs does not mean the converse is the state of the law. Significantly, the Ninth Circuit has not adopted the fraudulent joinder doctrine as to plaintiffs in the nearly 18 years since *California Dump Truck* issued.

As the sole named Defendant, BANA cannot invoke the doctrine to excuse the lack of complete diversity between the parties. BANA's argument that Plaintiff Jim's citizenship can be disregarded because he was misjoined is more appropriately analyzed in the context of the fraudulent/egregious misjoinder doctrine, which the Court turns to now.

IV.  Fraudulent/Egregious Misjoinder

BANA posits that Plaintiffs egregiously misjoined Plaintiff Jim in an effort "to thwart removal to federal court." Opp'n, ECF No. 23 at 25. Again relying on non-precedential authority, BANA urges the Court to adopt the fraudulent misjoinder (or "egregious misjoinder") doctrine, first recognized by the Eleventh Circuit. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Fraudulent misjoinder occurs when the joinder of a non-diverse defendant having no real connection with the controversy, as evaluated under Federal Rule of

Civil Procedure ("FRCP") 20,[3] is "so egregious as to constitute fraudulent joinder." *Id.* Unlike the fraudulent joinder doctrine, which concerns the joinder of a non-diverse defendant against whom there is no possibility of a claim, the fraudulent misjoinder doctrine focuses on whether the claims are sufficiently related to be included in the same action.

The Ninth Circuit has yet to adopt the fraudulent misjoinder doctrine, and the Court declines to apply it here. *California Dump Truck* acknowledged the Eleventh Circuit's recognition of the doctrine, but it stopped short of accepting the

---

[3] FRCP 20(a) provides:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20

doctrine. *California Dump Truck*, 24 F. App'x at 729 ("The Eleventh Circuit has recognized the additional theory of egregious misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to the claims of the diverse plaintiffs.[] For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs."). In fact, no other federal appellate court has adopted the doctrine, even when presented with the opportunity to do so. *See*, *e.g.*, *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010); *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002).

The fraudulent misjoinder doctrine's fundamental flaw is that it requires courts to act before they have jurisdiction over a case. *See Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) (stating that "federal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues"). Namely, courts must consult FRCP 20 (or corresponding state law) at the outset to ascertain whether non-diverse parties were fraudulently/egregiously misjoined.[4] Upon a finding of fraudulent/egregious misjoinder, a court could only obtain

---

[4] Contributing to the doctrine's many shortcomings is the uncertainty as to whether a district court should rely on FRCP 20 or "its state law counterpart." *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128 (E.D. Cal. 2004).

jurisdiction by severing the parties/claims at issue under FRCP 20(b) or 21—which it is powerless to do without jurisdiction—and remanding that portion of the case. *Perry v. Luu*, No. 1:13-CV-00729-AWI, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013) ("The Court finds the concept of fraudulent misjoinder to be faulty. The Court is confounded by the concept's circular logic in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction. However, the authority to sever misjoined claims or defendants under Rule 20 *presumes* the Court has jurisdiction to act."). Without a valid basis for jurisdiction, the Court cannot address BANA's misjoinder arguments.

BANA's reliance on *Visendi v. Bank of America, N.A.*, 733 F.3d 863 (9th Cir. 2013), is therefore misplaced. The *Visendi* court adjudicated the FRCP 20 joinder issue *after* determining that the district court had jurisdiction pursuant to the Class Action Fairness Act. *Id.* at 868-71. At the hearing, BANA's counsel argued that he cited *Visendi* only for its FRCP 20 analysis. However, BANA's Opposition suggests that *Visendi* is directly on point. Opp'n, ECF No. 23 at 26-27. As already explained, BANA has not satisfied the antecedent jurisdictional requirement that would allow an inquiry into joinder and award the remedy it requests: severance and remand of Plaintiff Jim's artificially-joined claims, and retention of the balance of the case in federal court.

13

Indeed, adoption of the fraudulent misjoinder doctrine would improperly expand the limited jurisdiction conferred upon federal courts. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."). And it needlessly complicates an otherwise straightforward jurisdictional inquiry, such as here, where diversity jurisdiction is plainly lacking. BANA's reliance on an unadopted and highly criticized doctrine to achieve complete diversity weighs against removability and in favor of remand.

Although a handful of district courts in this circuit have applied the doctrine,[5] a significant majority have rejected and/or deemed it inapplicable. *See*, *e.g.*, *Hampton v. Insys Therapeutics*, Inc., 319 F. Supp. 3d 1204, 1211 (D. Nev. 2018); *Osborn*, 341 F. Supp. 2d at 1127-28; *Dowda v. Williams-Olango*, No. 1:19-CV-0871 AWI JLT, 2019 WL 2611135, at *2 (E.D. Cal. June 26, 2019); *Peterson v. Kennewick*, No. 2:18-CV-1302-BJR, 2018 WL 6573155, at *9 (W.D. Wash. Dec. 13, 2018); *Tyson v. Fife*, No. 2:18-CV-0028-GMN-NJK, 2018 WL 3377085,

---

[5] *See*, *e.g., Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503-04 (E.D. Cal. 2008) (applying *Tapscott* to misjoined defendants); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-85 (D. Nev. 2004) (applying fraudulent misjoinder rule to non-diverse defendants and severing them from the action); *Anglada v. Bank of Am. Corp.*, No. 3:11-CV-00524-RCJ, 2011 WL 5196710, at *4 (D. Nev. Oct. 27, 2011) (severing and remanding one plaintiff's claims against a non-diverse defendant because only that plaintiff had any claims against the non-diverse defendant).

at *3 (D. Nev. July 11, 2018); *Delgado v. Primerica Life Ins. Co.*, No. 17-CV-03744-HSG, 2018 WL 839389, at *3 (N.D. Cal. Feb. 13, 2018); *Doe v. Medalist Holdings, L.L.C.*, No. EDCV-17-1264-MWF (FFMX), 2017 WL 3836041, at *4 (C.D. Cal. Sept. 1, 2017); *McDowell v. Burlington N. Santa Fe Ry. Co.*, No. CV 16-67-BMM-JTJ, 2017 WL 396607, at *3 (D. Mont. Jan. 30, 2017); *Lopez v. El Centro Reg'l Med. Ctr.*, No. 14-CV-484 JLS (WVG), 2014 WL 12479584, at *4 (S.D. Cal. July 24, 2014); *Selman v. Pfizer, Inc.*, No. 11-CV-1400-HU, 2011 WL 6655354, at *12 (D. Or. Dec. 16, 2011). These courts expressed many of the same concerns identified by this Court in rejecting the doctrine.

In sum, the Court concludes that the fraudulent joinder doctrine applies to defendants, not plaintiffs. The Court also declines to adopt the fraudulent misjoinder doctrine. Consequently, Plaintiff Jim's citizenship must be considered. Because Plaintiff Jim and BANA are both citizens of North Carolina, diversity jurisdiction is lacking. In the absence of jurisdiction, the Court must remand the action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

V.    Attorneys' Fees

Plaintiffs request an award of fees and costs. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The

United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). The *Martin* Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. *Id.*

The Court declines to award attorneys' fees and costs pursuant to § 1447(c). The Court questions the reasonableness of BANA's reliance on the fraudulent joinder doctrine but finds that BANA had a basis—even if untenable—to argue that the fraudulent misjoinder doctrine should apply under the circumstances. The Ninth Circuit has not adopted the doctrine, but neither has it foreclosed it. As such, the Court denies an award fees and costs in this case.

CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS Plaintiffs' Motion for Order of Remand, ECF No. 13, and REMANDS this action to the Circuit Court of the First Circuit, State of Hawaiʻi.  The Court DENIES Plaintiffs' request for fees and costs.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, August 27, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00285 JAO-KJM; *APILADO, ET AL. V. BANK OF AMERICA, N.A.*; ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER OF REMAND